## COURT SANTA MARIA No. 40 CATHOLIC DAUGHTERS OF AMERICA
*vs.*
## MARYLAND CASUALTY COMPANY OF BALTIMORE ET AL.

Superior Court      New Haven County      File No. 53348

MEMORANDUM FILED APRIL 29, 1941.

*Vincent P. Dooley,* and *Isadore Chaplowe,* of New Haven, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Defendant.

SIMPSON, J.  The plaintiff is an affiliate or subordinate court of the Catholic Daughters of America.  On March 31, 1926, the Catholic Daughters of America and the defendant casualty company entered into an indemnity agreement or bond, of which Exhibit A is a copy.  The bond was to become effective as of February 1, 1926, noon.  The bond is apparently of the character of a group insurance or indemnity bond, covering the officers of different affiliates or subordinate courts, of which the plaintiff was one.  The bond appears not to be a term bond, but one that would continue until cancelled by one of the parties.  The parties evidently treated it as such.  The provision for cancellation is as follows, as far as is pertinent: "This bond may be cancelled as an entirety or as to any officer or officers or any position or positions, by the order, upon giving written notice to the company, or by the company upon giving thirty days' written notice to the order."  On March 27, 1935, the national secretary of the order gave written notice to the company of its desire to cancel the bond, and "cancellation to become effective on the 1st day of February, 1935."  In compliance with the request the company cancelled the bond as of February 1, 1935, and no premiums were paid thereafter.

The bond provides for payment of indemnity for misappropriation by individuals or officers covered by the bond "which shall be discovered before the expiration of fifteen months from the termination of the employment of the officer causing such loss, or the cancellation of the bond as hereinafter provided, whichever may first happen."

In September, 1936, the plaintiff discovered that the defendant Kathryn R. Nichols, its treasurer, during the period from October 1, 1932 and February 1, 1935, had misappropriated the sum of $1,220.35, and presented a claim for that amount to the defendant, which payment was denied.

No claim was made that Kathryn R. Nichols was not covered by the bond.

The case turns upon the question whether the bond was properly cancelled or terminated on February 1, 1935. It seems to this court that the plain intent of the parties was that the bond should continue until cancelled. When cancelled, it is likewise clear that no liability thereafter should exist unless discovered within 15 months from the date of cancellation. To entitle it to recover upon the bond, the burden is upon the plaintiff to show that all the conditions were complied with. This it has not done.

The plaintiff claims in effect that inasmuch as it had not been given a copy of the bond, until after the misappropriation by its treasurer, and did not know of its cancellation by the national order, it is nevertheless entitled to recover upon the doctrine of third party beneficary.

It may be assumed that the plaintiff would be entitled to recover as a third party beneficiary had the conditions of the bond been fulfilled at the time the misappropriation was discovered. The bond, however, is conditioned upon its not having been cancelled more than 15 months prior to the discovery of the misappropriation. The bond being conditioned upon its not being cancelled, the third party beneficiary cannot recover thereon after its cancellation. *Restatement, Contracts* §140. The power of cancellation having been so reserved, section 142 of the Restatement, relied upon by the plaintiff, has no application.

It is to be remembered that the action is upon the bond. The plaintiff must take the bond as it finds it. It is immaterial therefore that the plaintiff had no prior notice of the conditions recited in the bond.

The agreement of the company to pay being conditional, the order could not recover thereon without showing that the conditions had been complied with. Neither can the plaintiff.

Judgment is therefore rendered for the defendant company.

No claim was made for a judgment against Kathryn R. Nichols, and the court leaves that matter for the future consideration of the court.